IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ESTATE OF CHARLES E. FECTEAU,
ESTATE OF JUNE M. FECTEAU, BARRY
FECTEAU, UNKNOWN OWNERS AND
NON-RECORD CLAIMANTS, UNKNOWN
HEIRS AND DEVISEES OF CHARLES E.
FECTEAU, and UNKNOWN HEIRS AND
DEVISEES OF JUNE M. FECTEAU,

    Defendants.

OPINION AND ORDER

14-cv-134-wmc

---

On February 19, 2014, plaintiff, the United States of America, filed this suit seeking to foreclose on property owned by defendants the Estates of Charles E. Fecteau and June M. Fecteau, as described in Exhibit B to the Complaint. Charles Fecteau passed away on July 6, 2008; his wife June Fecteau died on June 5, 2010. (Compl., Exs. E, F (dkt. ##1-5, 1-6.) The property appears to have been abandoned. (Compl. (dkt. #1) ¶ 10; *see also* Declaration of Barbara Oswald ("Oswald Decl."), Ex. A (dkt. #24-1).) Defendant Barry Fecteau is the son and potential heir of Charles and June Fecteau. The Estate defendants and Barry Fecteau all waived service, making their answers due on May 27, 2014. (*See* dkt. ##3, 4, 5.) Plaintiff also provided service by publication in newspaper to the unknown heirs and devisees of Charles and June Fecteau. (Dkt. ##9, 16.) To date, all defendants, both known and unknown, have failed to appear, answer or otherwise defend this lawsuit. Accordingly, the clerk of court entered default against all defendants. (Dkt. #8, 19.)

The court held a hearing on September 24, 2014. Again, defendants failed to appear or contest this matter. Because the clerk of court has entered default against defendant, the court accepts as true all of the factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Plaintiff now seeks: (1) a default judgment in the amount of $143,800.42 (Amended Attachment A (dkt. #27)); and (2) in default of payment, that all legal right, title and interest that defendants have in the property be sold at a public sale in accordance with 28 U.S.C. §§ 2001-2003. In support, plaintiff previously submitted the declaration of John Holler, a contract employee for the U.S. Department of Housing and Urban Development's ("HUD"'s) Single Family Housing division, who works with loans executed under the Home Equity Conversion Mortgage loan program. (Dkt. #23.) Holler avers that (1) on October 24, 2003, Charles and June Fecteau executed a promissory note with Wells Fargo Home Mortgage in the sum of $168,000; (2) the mortgage on the promissory note was recorded in Portage County real estate records; (3) on or about August 5, 2008, Wells Fargo conveyed and assigned its interest in the note and mortgage to HUD and recorded that assignment; and (4) as of September 16, 2014, there was $142,764.20, reflecting principal, interest, service fees and advances for tax and insurance payments, due and owing on the note. (*Id.*) The court finds plaintiff's submission sufficient to establish that: (1) the United States (through HUD) is the owner and holder of the promissory note and (2) defendants owe $142,764.20 on that note. In addition, plaintiff seeks costs in the total amount of $1,036.22 (Oswald Decl. (dkt. #24) ¶ 16), which the court finds well-documented.

Plaintiff also asks the court to order sale of the mortgaged Real Estate at a public auction. Title 28 U.S.C. § 2001 permits the public or private sale of realty after notice that

2

complies with 28 U.S.C. § 2002. The court has reviewed and approved the proposed judgment of foreclosure and sale filed by plaintiff, which provides for notice by publication.

Having provided sufficient evidence of the amounts owed under the note and its right to execute against the property to satisfy that debt pursuant to the mortgage,

ORDER

IT IS ORDERED that:

(1) Plaintiff the United States of America's motion for default judgment (dkt. #20) is GRANTED;

(2) there is now due and owing to plaintiff as of and including September 16, 2014, the sum of $143,800.42, as set forth in Attachment A of this Order;

(3) the mortgaged Real Estate located in the County of Portage, State of Wisconsin, and described in Attachment B to this Order be sold as a whole at public auction in the County of Portage, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin;

(4) the United States Marshal shall give public notice of the time and place of the auction in the manner provided by law, that publication of the notice be made in The Stevens Point Journal, a newspaper published in the City of Stevens Point, County of Portgage, State of Wisconsin; that the Marshal shall allow either or any of the parties to this action to purchase at such sale the above-described premises; the the Marshal shall file with the Clerk of this Court his report of sale; and shall also immediately after deposit the proceeds of sale, after deducting the costs and expenses of the sale unless otherwise ordered by the Court; said United States Marshal may accept from the purchaser at such sale, as a deposit or down payment, not less than ten percent (10%) of the purchase price, in which case such amount shall be so deposited as provided above, and the balance of the sale price shall be paid to the United States Marshal's Service by the purchaser at the sale, upon confirmation thereof, except that if plaintiff be the successful bidder at such sale, the United States Marshal may take the receipt of plaintiff in lieu of a cash payment; that the Marshal, upon compliance on the part of the purchaser with the terms of sale as required by law, shall make and execute to purchaser a deed to the premises so sold, as above described, stating the price paid; that the United States Marshal shall deliver the deed to the purchaser, upon compliance by purchaser with the terms of sale, and the payment by him of any balance of the sale price to be paid; that the United States Marshal shall then pay from the proceeds of the sale all claims superior to plaintiff as determined by the court and

        to plaintiff the amount of judgment, together with interest from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a), or so much thereof as the monies derived from the sale will pay, and take receipts therefore; and the surplus money, if any, shall be subject to further order;

(5)     if the proceeds of the Real Estate sale be insufficient to pay the amounts owed by judgment, the United States Marshal shall specify the amount of said deficiency in his report of sale and a deficiency judgment shall be entered by the Clerk of Court in that amount;

(6)     upon confirmation of sale of the mortgaged premises, the purchaser or purchasers, or his or their heirs, representatives or assigns, shall be let into possession of the Real Estate sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof; each and every one of the parties to this action who may be in possession of the Real Estate, and every other person who since the filing of notice of the pendency of this action has come into possession of the Real Estate or any part thereof under them shall deliver to such grantee or grantees named in such deed possession of the mortgaged Real Estate, and a writ of assistance shall issue if necessary to secure possession;

(7)     the defendants and each of them, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged Real Estate;

(8)     plaintiff may pay any taxes or insurance premiums on the mortgaged Real Estate now due, or which shall hereafter become due before the sale, and have a lien on said premises for the amount so paid with interest from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a); and in the event any such payments are made, plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of the mortgaged Real Estate; and

(9)     the defendants and all persons claiming under them are enjoined from committing waste upon said mortgaged Real Estate and doing any other act that may impair the value of the same.

    Entered this 24th day of September, 2014.

                                  BY THE COURT:

                                  WILLIAM M. CONLEY
                                  District Judge