IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 14-cv-134-wmc

ESTATE OF CHARLES E. FECTEAU, et al.,

    Defendants.

## JUDGMENT OF FORECLOSURE AND SALE

Pursuant to this Court's September 24, 2014 Opinion and Order (dkt. #28),

1.    IT IS HEREBY ORDERED the plaintiff the United States of America's motion for default judgment (dkt. #20) is GRANTED;

2.    IT IS FURTHER ORDERED there is now due and owing to plaintiff as of and including September 16, 2014, the SUM OF $143,800.42, as set forth in Attachment A of the Court's Opinion and Order;

3.    IT IS FURTHER ORDERED that the mortgaged Real Estate located in the County of Portage, State of Wisconsin, and described more particularly as:

> All of Lot Ten (10) in Block Three (3) in Replat of Point Manors in the City of Stevens Point, Portage County, Wisconsin.
>
> Tax Parcel # 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-301508

1

shall be sold as a whole at public auction in the County or Portage, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin;

    4.    IT IS FURTHER ORDERED that the United States Marshal shall give public notice of the time and place of such sale in the manner provided by law, that publication of the notice be made in <u>The Stevens Point Journal</u>, a newspaper published in the City of Stevens Point, County of Portage, State of Wisconsin; that the Marshal shall allow either or any of the parties to this action to purchase at such sale the above-described premises; that the Marshal shall file with the Clerk of this Court his report of sale; and shall also immediately after deposit the proceeds of the sale, after deducting the costs and expenses of the sale unless otherwise ordered by the Court; that said United States Marshal may accept from the purchaser at such sale, as a deposit or down payment upon the same, not less than ten percent (10%) of the purchase price, in which case such amount shall be so deposited as above provided, and the balance of the sale price shall be paid to the United States Marshal's Service by the purchaser at the sale, upon confirmation thereof, except that if plaintiff be the successful bidder at such sale, the United States Marshal may take the receipt of plaintiff in lieu of a cash payment; that the Marshal, upon compliance on the part of the purchaser with the terms of sale as required by law, shall make and execute to purchaser a deed to the premises so sold, as above described, stating the price paid; that the United States Marshal shall deliver the deed to the purchaser, upon compliance by purchaser with the terms of the sale, and the payment by him of any balance of the sale price to be paid; that the United States

Marshal shall then pay from the proceeds of the sale all claims superior to plaintiff as determined by the Court and to plaintiff the amount of judgment, together with interest from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a), or so much thereof as the monies derived from the sale will pay, and take receipts therefore; and the surplus money, if any, shall be subject to the further order;

5. IT IS FUTHER ORDERED that if the proceeds of the Real Estate sale be insufficient to pay the amounts owed by the judgment, the United States Marshal shall specify the amount of said deficiency in his report of sale;

6. IT IS FURTHER ORDERED that upon confirmation of sale of the mortgaged premises, the purchaser or purchasers, or his or their heirs, representatives or assigns, be let into possession of the Real Estate sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof; each and every one of the parties to this action who may be in possession of the Real Estate, and every other person who since the filing of notice of the pendency of this action has come into possession of the Real Estate or any part thereof under them or either of them shall deliver to such grantee or grantees named in such deed possession of the mortgaged Real Estate, and a writ of assistance issue if necessary to secure possession;

7. IT IS FURTHER ORDERED that the defendants and each of them, their heirs, successors and assigns; and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred

and foreclosed of all right, title, interest, and equity of redemption in said mortgaged Real Estate.

8. IT IS FURTHER ORDERED that plaintiff may pay any taxes or insurance premiums on the mortgaged Real Estate now due, or which shall hereafter become due before the sale, and have a lien on said premises for the amount so paid with interest from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a); and in the event any such payments are made, plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of said mortgaged Real Estate;

9. IT IS FURTHER ORDERED that the defendants and all persons claiming under them are enjoined from committing waste upon said mortgaged Real Estate and doing any other act that may impair the value of the same.

Dated this 9th day of October, 2014

BY THE COURT:

WILLIAM M. CONLEY
United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this 9th day of October, 2014.

*Peter Oppeneer*
PETER OPPENEER
Clerk of Court
United States District Court
Western District of Wisconsin